| BILLY SPAIN | * | NO. 2023-C-0491 |
| | | |
| VERSUS | * | |
| | | COURT OF APPEAL |
| H&H INVESTORS, L.L.C., ET | * | |
| AL. | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

ON SUPERVISORY WRIT FROM THE
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2022-10771, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Paula A. Brown**
* * * * * *
**ON APPLICATION FOR REHEARING**

(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge
Paula A. Brown, Judge Tiffany Gautier Chase, Judge Nakisha Ervin-Knott)

**LOBRANO, J., DISSENTS**

James M. Garner
Joshua S. Force
Grant G. Butler
Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
909 Poydras Street, 28th Floor
New Orleans, Louisiana 70112

COUNSEL FOR DEFENDANT/RELATOR, ARCHON INFORMATION
SYSTEMS, L.L.C.

Hannah D. Adams
David H. Williams
India Broussard
Julia K. Jack
Southeast Louisiana Legal Services
1340 Poydras Street, Suite 600
New Orleans, LA 70112

COUNSEL FOR PLAINTIFF/RESPONDENT, BILLY SPAIN

Yasha Clark

The Clark Firm
1 Canal Place
365 Canal Street, Suite 415
New Orleans, LA 70130


COUNSEL FOR DEFENDANT, H&H INVESTORS, L.L.C.

Josie N. Wicks
Tanya L. Irvin
City of New Orleans, Law Department
1300 Perdido Street, Room 5E03
New Orleans, LA 70112


COUNSEL FOR DEFENDANT, CITY OF NEW ORLEANS

**REHEARING GRANTED; REMANDED**
**NOVEMBER 7, 2023**

PAB
RLB
TCG
NEK

Respondent, Billy Spain ("Respondent"), seeks rehearing of this Court's September 26, 2023 writ disposition, which reversed the district court's June 29, 2023 judgment that overruled Relator's, Archon Information Systems, L.L.C.'s ("Relator"), exception of no cause of action. In our September 26, 2023 writ disposition, this Court found: (1) the district court erred in overruling the Relator's exception of no cause of action on the basis that the alleged defects in the pre-tax sale notices to Respondent were sufficient to support a cause of action for the absolute nullity of the tax sale; (2) an amendment to the petition would not cure the grounds for the exception of no cause of action; and (3) dismissal of Respondent's claim of absolute nullity was the appropriate remedy. *Spain v. H&H Inv'rs, L.L.C.*, 23-0491 (La. App. 4 Cir. 9/26/23), ___ So.3d ___, 2023 WL 6224966. The narrow issue presented on rehearing is whether Respondent is entitled to amend his petition and raise a facial constitutionality challenge, pursuant to La. C.C.P. art. 934.[1]

---

[1] La. C.C.P. art. 934 provides:

> When the grounds of an objection pleaded by the peremptory exception [of no cause of action] may be removed by amendment of the petition, the judgment

1

Respondent contends that the issue of whether he is entitled to relief through a facial due process challenge of the 2008 amendment of La R.S. 47:2121, *et seq.* ("the 2008 amended tax sale regime") was neither presented to the district court nor this Court. As such, an amendment of his petition would allow him to present this facial constitutionality challenge and potentially cure the grounds for the exception of no cause of action. In support, Respondent cites *Adair Asset Management, LLC v. Turney*, 50,574, p. 22 (La. App. 2 Cir. 5/4/16), 195 So.3d 501, 513, wherein the appellate court held that the 2008 amended tax sale regime is presumed constitutional until its constitutionality is specifically challenged.

Relator argues that because Respondent failed to seek leave in the district court to amend his petition to assert a new constitutionality claim, his request before this Court is untimely. Relator cites *Bergeron v. Blake Drilling & Workover Co., Inc.*, 599 So.2d 827 (La App. 1 Cir. 1992), wherein the appellate court held that when a constitutionality challenge is raised for the first time after an adverse judgment, it is not timely and will not be considered by the appellate court. However, we find that *Bergeron* is distinguishable from the facts of this case. In *Bergeron*, the case had been tried before a jury, and the constitutionality challenge was raised for the first time in a motion for new trial. In the case *sub judice*, Respondent's case is in the infancy stage, where amendments to pleadings are permissible.[2]

---

sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds raised through the exception cannot be so removed, the action, claim, demand, issue, or theory shall be dismissed.

[2] *See supra* note 1.

In further support of his argument, Respondent cites to *Rismiller Tutrix for Goins v. Gemini Ins. Co.*, 18-2089 (La. 2/18/19), 263 So.3d 1145, wherein the Louisiana Supreme Court remanded the matter to allow the plaintiffs an opportunity to amend their petition in an attempt to plead a facial constitutionality challenge. In its writ application to the appellate court, defendants sought review of the district court's judgment, which overruled their exceptions of no right of action, and found that the biological children of decedent who were given up for adoption had a right to assert survival and wrongful death claims against the defendants. *Rismiller v. Gemini Ins. Co.*, 17-809, p. 3 (La. App. 3 Cir. 10/3/18), 316 So.3d 1178, 1180. The appellate court reversed and sustained defendants' exceptions of no right of action. *Id.* Thereafter, the plaintiffs sought review with the Louisiana Supreme Court challenging the constitutionality of La. C.C. arts. 2315.1[3] and 2315.2[4] on the basis that the codal articles provided no right of action for adopted children to assert survival action or wrongful death claims following the death of a biological parent. *Rismiller*, 18-2089, p. 1, 263 So.3d at 1145. The Louisiana Supreme Court, observing that the plaintiffs had not raised the constitutionality challenge in the district court, did not rule on the constitutionality arguments. Rather, it found it appropriate to remand the case to the district court to give the plaintiffs an opportunity to amend their petition to raise a facial constitutionality challenge. *Id.*

---

[3] La. C.C. art. 2315.1 provides a right of action for injuries suffered by a person who eventually dies from said injuries in favor of designated beneficiaries.

[4] La. C.C. art. 2315.2 creates a cause of action that allows designated beneficiaries to recover damages for the wrongful death of another.

Considering that Respondent is seeking to present a facial constitutionality challenge to the 2008 amended tax sale regime, and our research has yielded no cases, to-date, that have presented a constitutionality challenge to the statute, we find that the Respondent should be given an opportunity to amend his petition to plead said challenge, pursuant to La. C.C.P. art. 934.

Based on the foregoing, we grant Respondent's application for rehearing for the sole purpose to allow Respondent an opportunity to amend his petition in an attempt to remove the objection to the exception of no cause of action.

**REHEARING GRANTED; REMANDED**